UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM CUMMINGS,** | : | CIVIL ACTION NO. 1:22-1118 |
| **Plaintiff** | : | (MANNION, D.J.) |
| | | (CARLSON, M.J.) |
| v. | : | |
| **R. KRAMER,** *et al.*, | : | |
| **Defendants** | : | |

### MEMORANDUM

**I.    BACKGROUND**[1]

Presently before the court is Magistrate Judge Martin C. Carlson's September 7, 2022 report and recommendation, (hereinafter "report"), (Doc. 9), which recommends that the defendants' motion to dismiss, (Doc. 6), the civil rights complaint under 42 U.S.C. §1983 filed by the *pro se* plaintiff William Cummings, (Doc. 1-1), be granted, in part, and denied, in part. Specifically, the report finds that all of the constitutional claims in the complaint, except for one, should be dismissed with respect to the 111 named and unnamed defendants for failure to state cognizable claims and

---

[1] Since the allegations in the plaintiff's complaint are summarized in the report, they are not repeated herein.

for failure to allege each defendant's personal involvement. The report finds that only one of plaintiff's 8th Amendment claims should proceed, namely, his claim that defendant Lawton gave him a moldy mattress on March 25, 2022, and refused to provide him with adequate bedding causing him to become sick. The report also finds that some of plaintiff's claims are time-barred. Further, the report finds that Cummings' due process claim alleging he was overbilled for cable television services should be dismissed since he was provided with a post-deprivation remedy by the prison to raise his grievances.

Finally, the report recommends that all of the plaintiff's claims, except the stated 8th Amendment claim, be dismissed without prejudice, and that plaintiff be given leave to file one amended complaint.

On September 23, 2022, plaintiff filed a 2-page document, with one attached exhibit, entitled "Supplemental Complaint." (Doc. 10). This filing is not a proper amended complaint as the report recommends the plaintiff be allowed to file, and it is not an objection to the report.

To date, neither the plaintiff nor the defendants have filed objections to Judge Carlson's report and the time within which they were due has expired.

## II. STANDARD

When no timely objections to a report are filed, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes. *See also* Univac Dental Co. v. Dentsply Int'l Inc., 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)). Nonetheless, regardless of whether or not timely objections are made to the report, the district court may accept, not accept, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3).

## III. DISCUSSION

Since the complete background of this case is stated in Judge Carlson's report, (Doc. 9), it will not be repeated herein.[2] Judge Carlson correctly finds that the court should dismiss without prejudice all of the claims

---

[2] Also since Judge Carlson states the correct applicable legal standard for a motion to dismiss under Rule 12(b)(6) as well as the correct legal standards regarding plaintiff's claims, they shall not be repeated herein.

in plaintiff's complaint, except for the one 8th Amendment claim against defendant Lawton.

The court has considered the findings in Judge Carlson's report, and finds no clear error of law. As such, the court agrees with the sound reasoning which has led Judge Carlson to the conclusions in his report.

### IV. CONCLUSION

Based upon the foregoing, the court will **ADOPT IN ITS ENTIRETY** Judge Carlson's report and recommendation, **(Doc. 9)**, and it will **GRANT, IN PART**, and **DENY, IN PART**, the defendants' motion to dismiss, **(Doc. 6)**. Specifically, the court will **DISMISS WITHOUT PREJDUICE** all of the claims in the plaintiff's complaint, **(Doc. 1-1)**, except for the stated 8th Amendment claim against Lawton. The plaintiff will be given one opportunity to file an amended complaint in conformance with Judge Carlson's directives upon remand. An appropriate order follows.

s/*Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: September 29, 2022**
22-1118-01