UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM CUMMINGS, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 1:22-1118 |
| v. | : | (JUDGE MANNION) |
| R. KRAMER, *et al.*, | : | |
| Defendant. | : | |

# ORDER

Pending before the court is the report of Judge Carlson, (Doc. 19), which recommends the court deny Plaintiff William Cummings's motion to amend or supplement his complaint, (Doc. 14). Cummings timely filed an objection to the report. (Doc. 20). The court agrees with Judge Carlson that Cummings's proposed supplemental amendments, (Docs. 15 & 16), are procedurally and substantively flawed, and the court will thus adopt the report in its entirety.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to

the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D. Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)). In any case, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31. "[A] Report and Recommendation does not have force of law unless and until the district court enters an order accepting or [not accepting] it." *Garceran v. Morris County Prosecutors Office*, No. 14–2135 (CCC-MF), 2015 WL 858106, at *1 (D.N.J. Feb. 27, 2015) (citing *United Steelworkers of Am. v. N.J. Zinc Co., Inc.*, 828 F.2d 1001, 1005 (3d Cir. 1987)).

Since the report delineates the procedural and factual background of this case, it will not be fully repeated herein. (*See* Doc. 19 at 1–3). In sum,

this is a *pro se* prisoner lawsuit in which Cummings brings several constitutional claims against correctional personnel relating to the alleged, unwelcome presence of mold in the prison. Following the court's order, (Doc. 13), on the defendants' motion to dismiss, only Cummings' specific claims against Defendant Lawton remained. Judge Carlson's report judiciously reviewed Cummings's attempt to amend his pleading and found it procedurally and substantive flawed, warranting denial.

From a procedural perspective, Judge Carlson explained that Cummings failed to comply with the Local Rules of this court by not filing a brief in support of his motion to amend. *See* M.D. Pa. Local R. 7.5. Cummings's attempt to amend his complaint also flouts Local Rule 15.1's requirements pertaining to amended pleadings. Since Cummings is a frequent litigant in this court and has been warned multiple times of the need to comply with the Local Rules, Judge Carlson found denial of Cummings's motion to amend appropriate on this ground.

Furthermore, Judge Carlson found Cummings's proposed supplemental pleadings substantively flawed. After outlining the appropriate legal standards which guide courts in exercising their discretion regarding whether to permit amendment of an operative pleading, (*See* Doc. 19 at 6-12), Judge Carlson explained Cummings's proposed supplemental

- 3 -

complaints remained flawed in a number of respects: (1) the complaints do not sufficiently allege personal involvement in constitutional torts by the more than one hundred defendants, named and unnamed, who are listed therein; (2) multiple claims in the complaints dating back to 2001, 2015, and 2016 are time-barred under 42 U.S.C. §1983 and without legal grounds for equitable tolling; and (3) the complaints lack the necessary factual specificity and clarity demanded by Rule 8 of the Federal Rules of Civil Procedure to avoid leaving "the defendants having to guess what of the many things discussed constituted [a cause of action]," *see Binsack v. Lackawanna County Prison*, 438 F. App'x 158, 160 (3d Cir. 2011). (Doc. 19 at 13–18). Given these substantive flaws, Judge Carlson recommends the court deny Cummings's motion to amend.

     Cummings's objections to Judge Carlson's report do not identify any error in the report, nor do they attempt to "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local R. 72.3. Instead, Cummings says he "understands what Judge Carlson is talking about," and he is "[s]orry for the sloppy and non-conforming motion to amend and supplemental complaint." (Doc. 20). Cummings's submission goes on to allege further violations by correctional officials at the prison, and he asks to

be released back to the general population. The court will not address these allegations nor grant Cummings his requested relief, both of which are not appropriate for, nor relevant to an objection to a report and recommendation. Cummings's objections also seek an extension of time to file another proposed amended complaint. The docket reveals at least three submissions from Cummings filed after his objections herein styled "motion to amend" and "motion to supplement." (*See* Docs. 27, 29, 33). Thus, the court will overrule Cummings's request as moot and remand this matter to Judge Carlson for a decision on Cummings's further attempts at amendment.

The court has considered the findings of Judge Carlson's report and finds no clear error of record. Moreover, the court agrees with the sound reasoning which led Judge Carlson to the conclusions in his report. As such, the court will adopt the report and recommendation in its entirety.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

**(1)** The report and recommendation of Judge Carlson, (Doc. 19), is **ADOPTED IN ITS ENTIRETY** as the decision of the court.

**(2)** Cummings's motion to amend or supplement his complaint, (Doc. 14), is **DENIED**.

**(3)** This case if referred back to Judge Carlson for further case management and to address Cummings's numerous motions filed since Judge Carlson's report adopted herein.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 4, 2023**
22-1118-01