UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM CUMMINGS,** | : | |
| **Plaintiff,** | : | |
| | : | **CIV. NO. 1:22-cv-1118** |
| v. | : | **(JUDGE MANNION)** |
| **B. LAWTON,** | : | |
| **Defendant.** | : | |

# MEMORANDUM

Presently before the court in this *pro se* prisoner civil rights suit is the report and recommendation of Magistrate Judge Martin C. Carlson, (Doc. 73), dated November 8, 2023. Judge Carlson recommends that Defendant's motion for judgment on the pleadings, (Doc. 65), be **GRANTED**. Plaintiff filed a timely objection to Judge Carlson's report. (Doc. 77). However, based on the court's review of the record that objection will be **OVERRULED** and Judge Carlson's report will be **ADOPTED IN ITS ENTIRETY**.

Since the report correctly states the procedural and factual background of this case, (Doc. 73, at 1-3), it will not be repeated herein. In short this is one of several lawsuits brought by Plaintiff prisoner against state correctional officers. This suit was originally brought against approximately eleven individual defendants and 100 John Doe Defendants. The court has already dismissed all claims and Defendants except one surviving Eighth

Amendment claim against Defendant Lawton, who Plaintiff alleges gave him a moldy mattress and refused to provide adequate bedding after he complained. Nonetheless Plaintiff's last remaining claim is unexhausted and thus barred by the Prison Litigation Reform Act ("PLRA").

I. **Legal Standard**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard of review is *de novo*, the district court "may also, in the exercise of sound judicial discretion, rely on the Magistrate Judge's proposed findings and recommendations." *Bynum v. Colvin*, 198 F. Supp 3d 434, 437 (E.D. Pa. 2016) (citing *United Stated v. Raddatz*, 447 U.S. 667, 676 (1980)).

Defendant has moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). In ruling on a motion for judgment on the pleadings, courts are to consider the pleadings and exhibits thereto, matters of public record and "undisputedly authentic documents attached to the

motion for judgment on the pleadings if plaintiffs' claims are based on the documents." *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010). Motions filed pursuant to Rule 12(c) are reviewed under the same standard that applies to a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). *See Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991); *United States v. Cephalon, Inc.*, 159 F. Supp. 3d 550, 555 (E.D.Pa. 2016).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In determining whether a complaint states a claim for relief, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

When presented with a *pro se* complaint, the court should construe the

complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir.2003); *Youse v. Carlucci*, 867 F.Supp. 317, 318 (E.D.Pa.1994). Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).

However, Rule 8 also plays an important role in *pro se* litigation, setting minimal pleading thresholds which must be met in order to initially state a claim. Therefore, dismissal of a complaint pursuant to Rule 8 is appropriate when a complaint is "illegible or incomprehensible*,*" *Scibelli v. Lebanon County*, 219 F. App'x 221, 222 (3d Cir. 2007), or when a complaint "is not only of an unwieldy length, but it is also largely unintelligible." *Stephanatos v. Cohen*, 236 F. App'x 785, 787 (3d Cir. 2007). Thus, a *pro se* plaintiff's complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement.

II.     Discussion

Plaintiff's sole remaining claim against Defendant is unexhausted and barred by the PLRA. The PLRA provides that "[n]o action shall be brought

with respect to prison conditions under . . . [42 U.S.C. §1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Section 1997e's exhaustion requirement applies to a wide range of inmate complaints, including damages complaints like those made here. *See Spruill v. Gillis*, 372 F.3d 218 (3d Cir. 2004); *Booth v. Churner*, 206 F.3d 289 (3d Cir. 2000). While this exhaustion requirement is not a jurisdictional bar to litigation, this requirement is strictly enforced by the courts. *See e.g. Nyhuis v. Reno*, 204 F.3d 65, 75-76 (3d Cir. 2000) (citations omitted). Because of the important policies fostered by this exhaustion requirement, it has been held that there is no futility exception to section 1997e's exhaustion requirement. *Id*.

Moreover, courts have also imposed a procedural default component on this exhaustion requirement, holding that inmates must fully satisfy the administrative requirements of the inmate grievance process before proceeding into federal court. *Spruill*, 372 F.3d at 218. Applying this procedural default standard to section 1997e's exhaustion requirement, courts have concluded that inmates who fail to fully, or timely, complete the prison grievance process are barred from subsequently litigating claims in federal court. *See, e.g.*, *Booth v. Churner*, 206 F.3d 289 (3d Cir. 2000); *Bolla*

*v. Strickland*, 304 F. App'x 22 (3d Cir. 2008); *Jetter v. Beard*, 183 F. App'x 178 (3d Cir. 2006).

The Pennsylvania Department of Corrections maintains a general grievance system, DC-ADM 804, that offers a three-phase grievance and appeals procedure. Judge Carlson found, and the court agrees that Plaintiff failed to exhaust his administrative remedies under this procedure because he never filed a grievance complaint about Defendant, or the allegedly moldy mattress Defendant gave him.

Plaintiff's original complaint alleged that Defendant gave him a moldy mattress on March 25th, 2023. A review of the grievance log during this time period shows that Plaintiff filed six complaints in March 2022, the last being on March 21, 2022, and three grievances in April 2022. Two of these grievances were withdrawn, and the other seven are part of the record. Upon review, it appears none of these seven grievances mention either Defendant or a complaint about a moldy mattress. Therefore, Plaintiff has failed to fully complete the prison grievance process and is barred from subsequently litigating this claim in federal court.

In his objections to Judge Carlson's report Plaintiff restates arguments that Judge Carlson already found lack merit. Specifically, Plaintiff argues that he was both prevented from filing a grievance by prison administrators and

he did file a grievance against Defendant, but it was not logged. Based on its own review the court agrees with Judge Carlson's initial findings.

The broad rule favoring exhaustion admits one, narrowly defined exception, where prison officials directly caused an inmate's procedural default on a grievance. *See Camp v. Brennan*, 219 F.3d 279 (3d Cir. 2000). However, case law recognizes a clear "reluctance to invoke equitable reasons to excuse [an inmate's] failure to exhaust as the statute requires." *Davis v. Warman*, 49 Fed.Appx. 365, 368 (3d Cir. 2002). Thus, an inmate's failure to exhaust will only be excused "under certain limited circumstances," *Harris v. Armstrong*, 149 Fed.Appx. 58, 59 (3d Cir. 2005).

While barriers such as threats and intimidation by prison officials could conceivably fit the narrow exception to the exhaustion requirement, "[t]o defeat a failure-to-exhaust defense, an inmate must show (1) that the threat was sufficiently serious that it would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance and (2) that the threat actually did deter this particular inmate." *Rinaldi v. United States*, 904 F.3d 257, 269 (3d Cir. 2018). Like the plaintiff in *Rinaldi*, Plaintiff argues that he is excused from the exhaustion requirement of the PLRA because prison officials subjected him to constant verbal harassment including by threatening to kill him, his family, and others close to him. Notwithstanding

- 7 -

the fact that Plaintiff offers no evidence of these threats other than his own affidavit, which does not even state when, where, or who threatened him, Plaintiff has despite these alleged threats continued to file grievances and litigate multiple lawsuits against prison officials.[1] Therefore, Plaintiff has not shown that alleged threats from prison officials, even if sufficiently serious, did actually deter him from continuing to pursue grievances, so he is not exempt from the exhaustion requirement of the PLRA.

Despite Judge Carlson also addressing this issue, Plaintiff further claims that Judge Carlson failed to take into account the fact that under the Pennsylvania Department of Correction's grievance procedure, an inmate must sign the grievance and Defendant cannot produce a grievance log showing Plaintiff's signatures. Plaintiff seems to insinuate, but does not actually argue, that this is because prison officials refused to log or otherwise accept his grievance. However, the receipt of eighteen other grievances during the same time thoroughly negate even this argument. Instead, the uncontested evidence indicates that prison officials accepted and addressed

---

[1] *See e.g. Cummings v. Kramer*, No. 1:22-CV-1118, 2022 WL 4594494, at *4-5 (M.D. Pa. Sept. 7, 2022), report and recommendation adopted, No. CV 1:22-1118, 2022 WL 4585535 (M.D. Pa. Sept. 29, 2022); *See Cummings v. Weller*, No. 1:22-CV-1119, 2022 WL 4594574 (M.D. Pa. Sept. 2, 2022), report and recommendation adopted, No. CV 1:22-1119, 2022 WL 4585534 (M.D. Pa. Sept. 29, 2022).

multiple grievances lodged by the plaintiff. The fact that there is not a particular signature for the grievance against Defendant regarding the allegedly moldy mattress does not indicate that the grievance was specifically refused but provides further evidence that it was never filed. Since Plaintiff did not file a grievance or otherwise exhaust his administrative remedies regarding his claim against Defendant that claim is barred by PLRA.

      Plaintiff still argues in his objection to Judge Carlson's report that it is premature to dismiss this action because it raises questions of fact for a jury. While the amended complaint as a whole might raise questions of fact, Defendant's motion for judgment on pleadings addresses only the issue of administrative exhaustion on which defendant has submitted only bald (and baseless) legal conclusions. Moreover, "judges may resolve factual disputes relevant to the exhaustion issue without the participation of a jury." *Small v. Camden Cnty.*, 728 F.3d 265, 271 (3d Cir. 2013) (District Judge did not err by acting as the fact finder because exhaustion like jurisdiction and venue constitutes a threshold issue for which no right to a jury trial exists.) Thus, Plaintiff's objections do not save his last remaining claim.

Given the numerous deficiencies in Plaintiff's amended complaint, and his failure to exhaust this last remaining claim against Defendant, his complaint in each iteration will be dismissed.

### III. Conclusion

Based on the foregoing the Report and Recommendation of Judge Carlson, (Doc. 73), will be **ADOPTED IN ITS ENTIRETY**. Plaintiff's objections, (Doc. 77), will be **OVERRULED**. Defendant's motion for judgment on the pleadings, (Doc. 65), will be **GRANTED**. The Clerk of Court will be directed to close this case. An appropriate order follows.

*S/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: December 26, 2023**
22-1118-02